# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY,**

    **Petitioner,**

**v**                                                  **CIVIL ACTION NO.:** 2:20-cv-00321

**JAMES SKYLAR COOPER,**

    **Respondent.**

## PETITION FOR DECLARATORY JUDGMENT

Now comes the Petitioner, Erie Insurance Property & Casualty Company, (hereinafter "Erie") by and through counsel, Matthew J. Perry, Esquire, James D. Lamp, Esquire and Lamp Bartram Levy Trautwein & Perry, PLLC, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, respectfully requests that this Court declare the rights and responsibilities of the parties relative to a contract of insurance issued to Pison Management LLC, (hereinafter "Pison") under which Respondent, James Skylar Cooper (hereinafter "Cooper"), seeks first-party underinsured motorist coverage. In support of its Petition, Erie states as follows:

### The Parties

1. Erie is a Pennsylvania corporation engaged in the business of insurance and is licensed to issue policies of commercial auto insurance in the state of West Virginia.

2. Cooper is a resident of Danville, West Virginia and at all times relevant hereto was an employee of Pison and was injured in an auto accident in Kanawha County, West Virginia on August 9, 2019.

## Jurisdiction and Venue

3. Jurisdiction in this case is appropriate pursuant to 28 U.S.C. §1332, in that Erie and Cooper are citizens of different states, to-wit Pennsylvania and West Virginia, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

4. Venue in this case is proper pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to this claim occurred in Kanawha County, West Virginia.

## Facts and Claims

5. On or about August 9, 2019, Rick L. Huffman (hereinafter "Huffman") was operating a 2007 Dodge Caliber and traveling north on Sissonville Drive.

6. At the aforesaid time, Huffman's vehicle was involved in a motor vehicle accident, when a vehicle operated by Thelma White, traveling south on Sissonville Drive, crossed the center line and struck the Huffman vehicle (hereinafter the "Accident"). A copy of the Uniform Traffic Crash Report for the Accident is attached hereto and incorporated herein as "Exhibit 1".

7. At the time of the Accident, Cooper was a passenger in the vehicle operated by Huffman.

8. At the time of the Accident, Cooper and Huffman were traveling to a jobsite within the course and scope of their employment with Pison.

9. The vehicle in which Cooper was a passenger was owned by Huffman and was his personal vehicle and was not owned by Pison.

10. As a result of the Accident, Cooper has now sought first-party underinsured motorist coverage through a policy of insurance issued by Erie to Pison. See letter dated February 6, 2020, a copy of which is attached hereto and incorporated herein as "Exhibit 2".

11. By letter dated March 10, 2020, Erie advised that underinsured motorist coverage was unavailable under the Erie Policy. A copy of the March 10, 2020 letter is attached hereto and incorporated herein as "Exhibit 3".

12. By letter dated March 30, 2020, Cooper, through counsel, disagreed with Erie's coverage determination and asserted that Cooper should be provided with up to $500,000.00 in underinsured motorists coverage through the Erie Policy issued to Pison. A copy of the March 30, 2020 letter is attached hereto and incorporated herein as "Exhibit 4".

13. Thereafter, Erie again reviewed the claim to determine the availability of coverage, and by letter dated April 28, 2020, clarified and confirmed that underinsured motorists coverage was unavailable under the Erie Policy. A copy of the April 28, 2020 letter is attached hereto and incorporated herein as "Exhibit 5".

14. As set forth in the April 28, 2020 letter, Cooper is not entitled to underinsured motorists coverage under the Erie Policy because Cooper does not qualify as a person insured under the Pison policy and the Huffman vehicle was a non-owned auto for which there was no underinsured coverage.

15. An actual, justiciable controversy exists concerning the availability of underinsured motorists coverage for Cooper under the Erie Policy issued to Pison.

**Insurance Policy**

16. Erie restates and incorporates herein its allegations as contained in paragraphs 1 through 15 of this Petition for Declaratory Judgment, as if fully set forth herein.

17. An Erie Commercial Auto Insurance Policy, Policy No. Q02 5830178 was issued to Pison with a policy period of February 8, 2019 to February 8, 2020 (hereinafter the "Erie

Policy"). A certified copy of the Erie Policy is attached hereto and incorporated herein as "Exhibit 6".

18. The named insured identified on the Erie Policy is "Pison Management LLC."

19. Under the Erie Policy, the 2007 Dodge Caliber in which Cooper was a passenger is not listed on the Declarations. Accordingly, under the Erie Policy, it is a non-owned auto.

20. The Erie policy provides as follows:

**AUTOS WE INSURE**

The **Declarations** shows which of the following are **autos we insure** under this policy:

3. **Non-Owned Autos** (Employer's Non-Ownership Liability). These are **autos you** do not own, hire, rent or borrow that are used in **your** business, but only for coverages for which a premium charge is shown. This includes **autos** owned by **your** partners, employees or members of their households, but only while used in **your** business.

*See Exhibit 6*, page 5.

21. As set forth in the foregoing language of the Erie Policy, coverage for non-owned autos under the Erie Policy is only provided *when a premium is charged for that coverage*.

22. The Declarations of the Erie Policy provides various premium charges for the different types of coverages provided based on different vehicle classifications. With regard to non-owned autos, the only premium charge is for Employer's Non-Owned Liability. There is no premium charge for Underinsured Motorist coverage.

23. Underinsured Motorist coverage is not extended to non-owned autos under the Erie Policy.

24. Separately, Underinsured/Underinsured Motorists Coverage is provided by way of endorsement to the Erie Policy. The insuring provisions for that coverage provides as follows:

## UNINSURED/UNDERINSURED MOTORISTS COVERAGE ENDORSEMENT – WEST VIRGINIA

### OUR PROMISE

**We** will pay damages for bodily injury and property damage that **you** or **your** legal representative are legally entitled to recover from the owner or operator of an **uninsured motor vehicle**. If Underinsured Motorists Coverage is indicated on the **Declarations, we** will pay damages for bodily injury and property damage that **you** or **your** legal representative are legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.

Damages must result from a motor vehicle accident arising out of the ownership or use of the **uninsured motor vehicle** or **underinsured motor vehicle** as a motor vehicle and involve:

1. Bodily injury to **you** or others **we** protect. Bodily injury means physical harm, sickness, disease or resultant death to a person; or

2. Property damage, meaning destruction of or injury to:

   a. An **owned auto we insure** and property owned by **anyone we protect** while contained in such **auto;**

   b. Property owned by **you** or a **relative** while contained in any **auto we insure** under this coverage; and

   c. Any other property (except a **motor vehicle**) owned by **anyone we protect** and located in West Virginia.

      If loss results in an Uninsured or Underinsured Motorists Property Damage claim, **we** will pay **you** the greater of the fair market rental value of a like kind replacement vehicle or the amount to which **you** are entitled under Transportation Expenses Coverage, if purchased.

**We** will not be bound by a judgment against the owner or operator of the **uninsured motor vehicle** or **underinsured motor vehicle** on issues of liability or amount of damages unless it is obtained with **our** written consent.

*See Exhibit 6*, Uninsured/Underinsured Motorists Coverage Endorsement – West Virginia, page 1.

25. For bodily injury, the insuring provisions for Uninsured/Underinsured Motorists Coverage is limited to you and others we protect. You is defined by the Erie Policy as Follows:

### ADDITIONAL ERIE INSURANCE COMPANY AND ERIE INSURANCE PROPERTY AND CASUALTY COMPANY DEFINITIONS

**"you"**, **"your"** and **"Named Insured"** means the person(s) or organization(s) named in Item 1 on the **Declarations.** Except in the **RIGHTS AND DUTIES – GENERAL POLICY CONDITIONS** Section, these words include **your** spouse if a resident of the same household.

*See Exhibit 6*, page 5.

26. Item 1 on the Declarations of the Erie Policy lists Pison Management, LLC as the Named Insured. *See Exhibit 6*, Declarations.

27. Cooper is not a Named Insured and does not qualify as "you" under the Erie Policy.

28. Uninsured/Underinsured Motorists Coverage is also extended to OTHERS WE PROTECT for purposes of bodily injury. Specifically, the UM/UIM endorsement provides:

### OTHERS WE PROTECT

**We** also protect:

1. any **relative** if **you** are an individual.

2. anyone else, while **occupying** any **owned auto we insure** other than an **owned auto we insure** being used without the permission of the owner.

3. anyone else who is entitled to recover damages because of bodily injury to any person protected by this coverage.

4. if **you** are an individual, anyone else while **occupying a non-owned auto we insure** other than:

    a. one **you** are using that is owned or lease by another person residing in **your** household.

    b. one furnished or available for the regular use of **you** or anyone residing in **your** household.

    c. One being operated by anyone other than **you** or a **relative.**

See Exhibit 6, Uninsured/Underinsured Motorists Coverage Endorsement – West Virginia, page 2.

29. Based on the terms of the Erie Policy, Uninsured/Underinsured Motorists Coverage is only provided to others we protect while occupying non-owned autos when you, or the Named Insured, *is an individual*.

30. Pison Management, LLC is not an individual, so Uninsured/ Underinsured Motorists coverage is not provided for non-owned autos under the Erie Policy.

31. Based on the provisions of the Erie policy, whether cited in this Petition for Declaratory Judgment or not, there is no coverage for Cooper for his claims of underinsured motorist coverage.

### Relief Requested

WHEREFORE, Erie respectfully requests the following relief:

    A. That this Court declare, based on the language of the Erie Policy, that underinsured motorists coverage is not provided for non-owned autos.

    B. That this Court declare, based on the language of the Erie Policy, that Cooper does not qualify as "you" or "others we protect" for purposes of underinsured motorists coverage.

C. That this Court declare, based on the language of the Erie Policy, that Cooper is not entitled to underinsured motorists coverage under the Erie Policy issued to Pison.

D. Such other and further relief as this Court deems just and appropriate.

**ERIE INSURANCE PROPERTY
& CASUALTY COMPANY**

**By counsel**

_____/s/ Matthew J. Perry_____
Matthew J. Perry, Esquire, WVSB #8589
James D. Lamp, Esquire, WVSB #2133
Lamp Bartram Levy Trautwein & Perry, PLLC
720 Fourth Avenue
P. O. Box 2488
Huntington, WV  25725-2488
(304) 523-5400
*Counsel for Erie Insurance Property
& Casualty Company*