**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY,**

**Petitioner,**

**v.** **CIVIL ACTION NO.: 2:20-cv-00321**

**JAMES SKYLAR COOPER,**

**Respondent.**

**RESPONDENT JAMES SKYLAR COOPER'S ANSWER TO**
**PETITION FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS**

Now comes the Respondent and Counterclaimant, James Skylar Cooper (hereinafter "Mr. Cooper"), by his counsel, Farmer, Cline & Campbell, PLLC, pursuant to Rules 12, 13, and 57 of the *Federal Rules of Civil Procedure* and the *Declaratory Judgment Act* of 28 U.S.C. § 2201, *et seq.*, and for his Answer to the Petition for Declaratory Judgment and his Counterclaims, states as follows:

## ANSWER

1. Upon information and belief, Mr. Cooper admits the allegations contained within Paragraph 1 of the Petition for Declaratory Judgment ("Petition").

2. Mr. Cooper admits the allegations contained within Paragraph 2 of the Petition.

3. Upon information and belief, Mr. Cooper admits the allegations contained within Paragraph 3 of the Petition.

4. Mr. Cooper admits the allegations contained within Paragraph 4 of the Petition.

5. Mr. Cooper admits the allegations contained within Paragraph 5 of the Petition.

6. Mr. Cooper admits the allegations contained within Paragraph 6 of the Petition.

7. Mr. Cooper admits the allegations contained within Paragraph 7 of the Petition.

8. Mr. Cooper admits the allegations contained within Paragraph 8 of the Petition.

9. Mr. Cooper admits the allegations contained within Paragraph 9 of the Petition.

10. Mr. Cooper admits the allegations contained within Paragraph 10 of the Petition.

11. Mr. Cooper denies the allegations contained within Paragraph 11 of the Petition as Erie stated, in its March 10, 2020 letter, that the insured "rejected" Underinsured Motorist coverage, not that it was "unavailable."

12. Mr. Cooper admits the allegations contained within Paragraph 12 of the Petition as the underinsured motorist selection / rejection form Erie provided in its March 10, 2020 correspondence indicated, contrary to Erie's assertion that underinsured coverage had been rejected, that the insured actually selected $500,000 of undersinured coverage. As set forth below, that form was defective as the insured had selected liability limits of $1million and, contrary to West Virginia law, the form did not provide the insured

with the option to select undersinsured motorist limits up to $1 million and did not provide the rate calculation for the coverage offered.

13. Mr. Cooper admits the allegations contained within Paragraph 13 of the Petition.

14. Mr. Cooper admits that Erie's April 28, 2020 letter denied that the Erie Policy[1] provided underinsured motorist coverage for non-owned vehicles. However, Mr. Cooper denies the remaining allegations and/or legal conclusion contained within Paragraph 14 of the Petition. In further response, Mr. Cooper incorporates, by reference, his Counterclaim for Declaratory Judgement, set forth below, which asserts that he is entitled to underinsured motorist coverage under the Erie Policy.

15. Paragraph 15 of the Petition contains a legal conclusion to which no response is required. To the extent that a response is deemed required, Mr. Cooper admits that allegations.

16. In response to Paragraph 16 of the Petition, Mr. Cooper re-alleges and incorporates by reference his responses to Paragraphs 1 through 15, as set forth above.

17. Upon information and belief, Mr. Cooper admits the allegations set forth in Paragraph 17 of the Petition and confirms his receipt of Exhibit A to the Petition.

18. Upon information and belief, Mr. Cooper admits the allegations set forth in Paragraph 18 of the Petition.

---

[1]When used in this pleading, the term "Policy" refers to the Commercial Auto Insurance Policy and all endorsements that Erie Insurance Property & Casualty Company provided to Pison Management (Policy Number Q02 5830178 W7) for policy period 2/8/2019 to 2/8/2020.

19. Paragraph 19 of the Petition for Declaratory Judgement contains, in part, a legal conclusion which does not require a response. To the extent that a response is required, Mr. Cooper admits that the 2007 Dodge Caliber is not specifically identified on the declarations page for the Policy. However, the declarations page does list non-owned autos as insured vehicles and the 2007 Dodge Caliber qualifies as a non-owned auto under the Policy.

20. Mr. Cooper denies the allegations contained within paragraph 20 of the Petition as the quotation is incomplete and/or does not match the language from the insurance policy. Mr. Cooper admits that the Policy does include a definition for non-owned autos.

21. Paragraph 21 of the Petition contains a legal conclusion to which no response is required. To the extent that a response is required, Mr. Cooper admits that the Policy attempts to limit coverage for non-owned autos to "when a premium is charged for that coverage." However, as set forth in the Counterclaim for Declaratory Judgment below, Erie failed to make a commercially reasonable offer and obtain and knowing and intelligent rejection of underinsured motorist coverage such that underinsured motorist coverage must be provided by operation of law.

22. Mr. Cooper admits the allegations contained in Paragraph 22 of the Petition.

23. Paragraph 23 of the Petition calls for a legal conclusion to which no response is required. To the extent a response is required, Mr. Cooper denied the allegation as Erie has failed to provide evidence that it made a commercially reasonably offer of underinsured motorist coverage and that the name insured knowingly and intelligently rejected such coverage.

24. Mr. Cooper admits that the Policy includes an endorsement entitled UNINSURED/UNDERINSURED MOTORISTS COVERAGE ENDORSEMENT - WEST VIRGINIA, and includes the text set forth in Paragraph 24 of the Petition.

25. Mr. Cooper admits that the insuring provisions for Uninsured/Underinsured Motorist Coverage is limited to "you" and "others we protect" as alleged in paragraph 25 of the Petition.

26. Mr. Cooper admits the allegations contained in Paragraph 26 of the Petition.

27. Paragraph 27 states a legal conclusion that does not require a response. If a response is required, Mr. Cooper admits that he does not qualify as "you" in the Erie Policy as that term is defined. However, Mr. Cooper asserts, as indicated below, that he qualifies as an insured and/or under the definition of "others we protect" because he was occupying and/or using one or more insured autos under the Erie Policy.

28. Mr. Cooper admits that the Uninsured/Underinsured Motorist Coverage under the Erie Policy is also extended to OTHERS WE PROTECT and that the term OTHER WE PROTECT is defined as stated in paragraph 28 of the Petition.

29. The allegations contained within Paragraph 29 of the Petition stated a legal conclusion to which no response is required. To the extent that a response is required, Mr. Cooper states, as set forth in his Counterclaim, that he is entitled to Underinsured Motorist Coverage under the Erie Policy and applicable law as coverage must be provided to anyone using or occupying an insured vehicle.

30. Mr. Cooper admits that Pison Management, LLC is not an individual. However, the remainder of Paragraph 30 of the Petition contains a legal conclusion to which no response is required. To the extent a response is required, Mr. Cooper denies

the allegations and asserts, as set forth in his Counterclaim, that he is entitled to Underinsured Motorist Coverage under the Erie Policy as he was occupying and/or using an insured vehicle and Erie has not produced evidence sufficient to establish that it made a commercially reasonably offer of underinsured motorist coverage and that the named insured knowingly and intelligently rejected such coverage.

31. Mr. Cooper denies all requests for relief set forth in the "Relief Requested" paragraph, including all sub-parts, contained within the Petition.

**Affirmative and Other Defenses**

Having fully answered each allegation of the Petition, Mr. Cooper hereby asserts the following affirmative and other defenses:

1. Mr. Cooper denies each and every other allegation raised or contained within the Petition, not specifically and expressly admitted herein.

2. Mr. Cooper raises and preserves each and every defense set forth in Rules 8 and 12 of the *Federal Rules of Civil Procedure*, and further preserves the right to raise such additional defenses as may appear appropriate following any further discovery and factual development of the case.

**WHEREFORE**, Mr. Cooper requests that the Court deny the relief requested by Erie Insurance Property & Casualty Company and determine, in accordance with the Counterclaims set forth below, that he is entitled to coverage under the Policy for the severe injuries he sustained in the subject incident. Mr. Cooper further requests that he be awarded all other relief deemed appropriate by the Court.

**COUNTERCLAIM FOR UNDERINSURED MOTORIST BENEFITS UNDER ERIE PROPERTY & CASUALTY COMPANY POLICY**

1. Mr. Cooper re-alleges and incorporates by reference all preceding allegations contained within his Answer to Petition and all allegations set forth in the Counterclaim for Declaratory Judgment, below.

2. On August 9, 2020, Mr. Cooper was employed by Pison Management, LLC.

3. On August 9, 2020, Mr. Cooper arrived at work and participated in the loading of equipment and tools onto a utility trailer hitched to a Chevrolet Silverado truck owed by Pison Management.

4. After loading the tools and equipment, Mr. Cooper and his coworkers began traveling to their next job site, where the tools and equipment were needed.

5. Mr. Cooper intended to offload and use the tools and equipment at the next jobsite.

6. To travel to the next jobsite, Mr. Cooper rode as a passenger in a Dodge Caliber owned by one of his co-workers.

7. The Dodge Caliber was traveling immediately behind the Chevrolet Silverado and utility trailer.

8. While on Sissonville Drive in Kanawha County, West Virginia, a vehicle operated by Thelma White crossed the center line and struck the utility trailer being hauled by the Chevrolet Silverado.

9. After striking the trailer, Ms. White's vehicle then struck the front of the Dodge Caliber.

10. As a direct and proximate result of Ms. White's negligent, careless and/or reckless conduct and the collision described above, Mr. Cooper suffered severe injuries to his body, for which he has and will continue to experience and/or incur:

(a) lost wages;

(b) medical expenses;

(c) pain and suffering;

(d) physical limitations;

(e) diminished capacity to enjoy life;

(f) annoyance and inconvenience;

(g) other consequences and damages associated with his injuries as may be specified as this action progresses.

11. Ms. White was insured by State Farm Mutual Automobile Insurance Company ("State Farm") with an automobile insurance policy that provides $25,000 in coverage.

12. Based on Ms. White's clear liability for the subject incident and State Farm's acknowledgment that Mr. Cooper's damages exceeded the liability limits, State Farm offered to pay the $25,000 policy limits to Mr. Cooper, in exchange for a release of any further liability.

13. At the time of the collision, Mr. Cooper's employer, Pison Management, LLC, had a commercial automobile insurance policy through Erie Insurance Property & Casualty Company which he claims provides $1 million in underinsured motorist coverage.

14. Erie Insurance, while denying that the policy provides coverage, consented to Mr. Cooper's settlement of the liability claim and waived any and all subrogation rights related to that settlement.

15. After settling the liability portion of the claim, Mr. Cooper attempted to negotiate a settlement of the underinsured claim with Erie Insurance Property & Casualty Company, but such attempts were unsuccessful.

**WHEREFORE**, Mr. Cooper requests that he be awarded judgement against Erie Insurance Property & Casualty Company for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent that the conduct warrants such damages;

(c) pre and post judgment interest as allowed by law; and

(d) such other and further relief as the court deems just and appropriate under the circumstances.

**MR. COOPER DEMANDS A TRIAL BY JURY**

## COUNTERCLAIM FOR DECLARATORY RELIEF AGAINST ERIE INSURANCE PROPERTY & CASUALTY COMPANY

1. Mr. Cooper re-alleges and incorporates by reference all preceding allegations contained within his Answer to Petition.

2. For the purposes of this Counterclaim, Mr. Cooper assumes that the Erie Policy attached as an exhibit to the Petition is a complete copy of the policy and all endorsements issued to Pison Management, LLC for the relevant time period.

3. At the time of the subject incident, Mr. Cooper was working for Pison Management, LLC.

4. At the time of the subject incident, Mr. Cooper was riding to a Pison Management, LLC job site.

5. At the time of the subject incident, the tools and equipment Mr. Cooper needed for the job were located on a utility trailer being pulled by a Chevrolet Silverado truck.

6. At the time of the subject incident, the Chevrolet Silverado truck hauling the trailer and tools was traveling immediately in front of the vehicle in which Mr. Cooper was riding as a passenger.

7. Mr. Cooper intended to use those tools and equipment being hauled by the Chevrolet Silverado and trailer at the job site he and his fellow employees were traveling to, at the time of the incident.

8. The Chevrolet Silverado being used to haul the tools and equipment is an insured auto on the Erie Policy.

10. Mr. Cooper loaded some of the tools and equipment onto the Chevrolet Silverado and trailer prior to leaving the location where he and other employees met to begin work on the day of the incident.

11. Mr. Cooper was intended to unload those tools and equipment and use the tools and equipment, once he reached the next job site.

12. The subject incident occurred prior to Mr. Cooper arriving at the next job site.

13. The trailer being hauled by the Chevrolet Silverado was involved in the subject incident as it was struck by Thelma White's vehicle just before Ms. White's vehicle struck the Dodge Caliber in which Mr. Cooper was riding.

14. The Erie Policy provides Underinsured Coverage for covered autos.

15. The Chevrolet Silverado is a covered auto.

16. The Erie Policy provides Underinsured Motorist Coverage to "OTHERS WE PROTECT."

17. The definition of "OTHERS WE PROTECT" in the Erie policy includes any persons "while occupying any owned auto we insured other than an owned auto we insured being used without the permission of the owner."

18. The term "occupying" is defined by the Erie Policy to mean "in or upon, getting into or out of, or getting off".

19. In West Virginia, exclusionary language in an insurance policy is to be strictly construed against the insurer so that the purpose of providing indemnity is not defeated. Syl. Pt. 5, *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987), *overruled on other grounds by Potesta v. U.S. Fid. & Guar. Co.*, 202 W.Va. 308, 504 S.E.2d 135 (1998); *See also*, Syl. Pt. 1, *Marshall v. Fair*, 187 W.Va. 109, 416 S.E.2d 67 (1992).

20. The West Virginia legislature has demonstrated a clear intent to afford coverage to anyone using a vehicle with the owner's permission as a means of giving greater protection to those who are involved in automobile accidents and the statute should be liberally construed to effect coverage. See Syl. Pt. 3, *Burr v. Nationwide Mut. Ins. Co.*, 178 W.Va. 398, 359 S.E.2d 626 (1987). Further, any provision in an insurance policy which

attempts to contravene *W.V. Code* §33-6-31(a) is of no effect. *See* Syl. Pt. 2, *Burr, supra.* and Syl. Pt. 3, *Gibson v. Northfield Ins. Co.*, 219 W.Va. 40, 631 S.E.2d 598 (2005).

21. The definition of "occupying" in the Erie Policy is more restrictive than limiting coverage to those persons who are using the insured vehicle.

22. To the extent that the Erie Policy requires Mr. Cooper to "occupy" an insured vehicle, the Erie Policy is void and unenforceable. *See Adkins v. Meador*, 201 W. Va. 148, 157, 494 S.E.2d 915, 924 (1997) (finding and holding that policy language for uninsured motorist coverage that provides "coverage only for individuals 'occupying' and therefore 'in, upon, getting in, on, out or off' the covered vehicle is more restrictive than the requirement in W.Va. Code, §33-6-31(c) of coverage for individuals 'using' the vehicle," and thus, unenforceable and void under W.Va. Code § 33-6-31).

23. West Virginia law requires Erie Insurance to provide underinsured motorist insurance coverage to not just those persons "occupying" an insured vehicle, but also to those persons "using" an insured vehicle.

24. Mr. Cooper was occupying the Chevrolet Silverado as he put his equipment and tools into the vehicle and had not, at the time of the subject incident, completed his task of transporting the tools and equipment and retrieving his tools and equipment out of the vehicle.

25. Mr. Cooper was using the Chevrolet Silverado as he had put his equipment and tools into the vehicle and was using it to transport those tools to a job site.

26. Further, Mr. Cooper had not, at the time of the subject incident, completed his use of the Chevrolet Silverado to transport tools and equipment to the next job site.

27. The Erie policy lists non-owned autos as covered autos.

28. Pison Managment, LLC did not own the Dodge Caliber Mr. Cooper was riding in at the time of the subject incident.

29. The Dodge Caliber qualifies as an non-owned auto under the Erie Policy.

30. Erie Insurance was required by West Virginia law to make a commercially reasonably offer of underinsured motorist coverage to Pison Management, LLC.

31. Erie Insurance was required by West Virginia law to offer underinsured motoroist coverage to the same amount of liability coverage provided by the Erie Policy.

32. The Erie Policy provides $1 million liability coverage.

33. Erie Insurance attempted to make an offer of underinsured motorist coverage to Pison Management, LLC on or about February 8, 2016. A copy of the coverage offer form ("offer') is attached as Exhibit A.

34. The offer Erie made did not provide Pison Management, LLC with the opportunity to select underinsured motorist coverage up to the amount of the liability coverage.

35. By failing to provide Pison Management, LLC the opportunity to select underinsured motorist coverage of up to the amount of the liability coverage, Erie violated *W.Va. Code* §33–6-31(b).

36. The offer Erie made did not provide Pison Management, LLC a rate calculation for the coverage offered.

37. By not providing a rate calculation, Erie violated *W.Va. Code* § 33-6-31d.

38. The offer Erie made does not identify on which two vehicles underinsured motorist coverages was being offered.

39. Erie did not obtain a signed rejection of underinsured motorist coverage from Pison Management, LLC.

40. Where an offer of optional coverage is required by statute, the insurer has the burden of proving that an effective offer was made, and that any rejection of said offer by the insured was knowing and informed. Syl. pt. 1, *Bias v. Nationwide Mut. Ins. Co.*, 365 S.E.2d 789, 789, 179 W.Va. 125, 125 (W.Va.,1987).

41. When an insurer is required by statute to offer optional coverage, it is included in the policy by operation of law when the insurer fails to prove an effective offer and a knowing and intelligent rejection by the insured." Syl. Pt. 2, *Bias v. Nationwide Mut. Ins. Co.*, 179 W.Va. 125, 365 S.E.2d 789 (1987).

42. Erie did not provide an effective and commercially reasonable offer of underinsured motorist coverage to Pison Management, LLC.

43. Pison Managment, LLC did not knowingly and intelligently reject underinsured motorist coverage.

44. Underinsured motorist coverage for non-owned autos is provided by operation of law by virtue of Erie's failure to make a commercially reasonable offer and obtain a knowing and intelligent rejection of underinsured motorist coverage.

**WHEREFORE**, Defendant James Skylar Cooper requests that the Court enter an Order declaring that:

(a) he was occupying and/or using the Chevrolet Silverado at the time of the subject incident;

(b) he was occupying and/or using a non-owned vehicle – the Dodge Caliber – at the time of the subject incident;

(c) Erie Insurance Property & Casualty Company failed to make a commercially reasonable offer of underinsured motorist coverage to Pison Management, LLC;

(d) Erie Insurance Property & Casualty Company failed to obtain a knowing and intelligent waiver of underinsured motorist coverage from Pison Management, LLC;

(e) he shall be afforded underinsured motorist coverage under the Erie Insurance Property & Casualty Company Policy issued to Pison Management up to the $1 million policy limit; and

(f) for any other relief the Court may deem appropriate.

**JAMES SKYLAR COOPER,**

**Defendant and Counterclaimant,**

**By Counsel:**

*Iss/ R. Chad Duffield*
ROBERT A. CAMPBELL (W. Va. State Bar No. 6052)
R. CHAD DUFFIELD (W. Va. State Bar No. 9583)
JENNIFER D. ROUSH (W.Va. State Bar No. 11165)
FARMER CLINE & CAMPBELL, PLLC
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, WV 25338
(304) 346-5990

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2020, I presented the foregoing "Respondent James Skylar Cooper's Answer to Petition for Declaratory Judgment and Counterclaims" to the Clerk of Court for filing and uploading to the CM/ECF system and I hereby certify that I have served the following CM/ECF participants:

Matthew J. Perry, Esq.
James D. Lamp, Esq.
Lamp Bartram Levy Trautwein & Perry, PLLC
720 Fourth Avenue
Post Office Box 2488
Huntington, WV 25725-2488
*Counsel for Petitioner*

/s/ R. Chad Duffield
R. CHAD DUFFIELD
(W.Va. State Bar No. 9583)