# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY,**

      **Petitioner,**

**v**                                       **CIVIL ACTION NO.:  2:20-cv-00321**

**JAMES SKYLAR COOPER,**

      **Respondent.**

## ANSWERS TO COUNTERCLAIMS

Now comes the Petitioner, Erie Insurance Property & Casualty Company, by counsel, Lamp Bartram Levy Trautwein & Perry, PLLC and for answer to the Counterclaims of the Respondent and Counterclaimant James Skylar Cooper states as follows:

### Answer to Counterclaim for Underinsured Motorist Benefits Under
### Erie Property & Casualty Company Policy

1. Paragraph 1 of the Counterclaim requires no response, but to the extent it may, the allegations contained therein are denied.

2. Paragraph 2 of the Counterclaim is admitted.

3. Erie is without knowledge as to the allegations in paragraph 3 of the Counterclaim, except that it admits that Pison Management owned a Chevrolet Silverado truck.

4. Erie admits that Cooper and Huffman were traveling to a jobsite at the time of the accident, and is without knowledge as to the remaining allegations in paragraph 4 of the Counterclaim.

5. Erie is without knowledge as to the allegations in paragraph 5 of the Counterclaim.

6. Erie admits that Mr. Cooper rode as a passenger in a Dodge Caliber owned by one of his co-workers to a jobsite, and is without knowledge to the remaining allegations in paragraph 6 of the Counterclaim.

7. Erie admits the allegations contained in paragraph 7 of the Counterclaim.

8. Erie admits the allegations contained in paragraph 8 of the Counterclaim.

9. Erie admits the allegations contained in paragraph 9 of the Counterclaim.

10. Erie is without knowledge as to the scope and severity of his injuries and damages and admits the remaining allegations contained in paragraph 10 of the Counterclaim.

11. Erie admits the allegations contained in paragraph 11 of the Counterclaim.

12. Erie admits the allegations that State Farm offered to pay its $25,000.00 policy limit to Mr. Cooper in exchange for release of any further liability; and is without knowledge to the remaining allegations contained in paragraph 12 of the Counterclaim.

13. Erie admits the allegations contained in paragraph 13 of the Counterclaim.

14. Erie admits the allegations contained in paragraph 14 of the Counterclaim.

15. Erie admits that Mr. Cooper settled the liability portion of his claim with State Farm, admits that Mr. Cooper sought payment on an underinsured motorist claim with Erie, and denies the remaining allegations contained in paragraph 15 of the Counterclaim.

16. Erie denies the allegations contained in the WHEREFORE clause of the Counterclaim.

**Answer to Counterclaim for Declaratory Relief Against**
**Erie Insurance Property & Casualty Company**

1. Paragraph 1 of the Counterclaim requires no response but to the extent that it may, the allegations are denied.

2. Erie is without knowledge as to Mr. Cooper's assumptions and admits the remaining allegations contained in paragraph 2 of the Counterclaim.

3. Erie admits the allegations contained in paragraph 3 of the Counterclaim.

4. Erie admits the allegations contained in paragraph 4 of the Counterclaim.

5. Erie is without knowledge of the allegations contained in paragraph 5 of the Counterclaim.

6. Erie is without knowledge as to hauling the tools and admits the remaining allegations contained in paragraph 6 of the Counterclaim.

7. Erie is without knowledge as to the allegations contained in paragraph 7 of the Counterclaim.

8. Erie admits the allegations contained in paragraph 8 of the Counterclaim.

10. Erie first notes that paragraph 9 of the Counterclaim was omitted from the original pleading. As to numbered paragraph 10 Erie is without knowledge as to the allegations contained therein.

11. Erie is without knowledge of the allegations contained in paragraph 11 of the Counterclaim.

12. Erie admits the allegations contained in paragraph 12 of the Counterclaim.

13. Erie admits the allegations contained in paragraph 13 of the Counterclaim.

14. Erie admits that the Erie Policy provides underinsured motorists coverage in accordance with its terms and conditions. Erie denies the remaining allegations contained in paragraph 14 of the Counterclaim.

15. Erie admits that the Chevrolet Silverado is a listed auto on the Declarations of the Erie Policy. Erie denies the remaining allegations contained in paragraph 15 of the Counterclaim.

16. Erie admits that the Erie Policy provides underinsured motorists coverage in accordance with its terms and conditions. Erie denies the remaining allegations contained in paragraph 16 of the Counterclaim.

17. Erie states that the Erie Policy speaks for itself. Erie denies the remaining allegations contained in paragraph 17 of the Counterclaim.

18. Erie states that the Erie Policy speaks for itself. Erie denies the remaining allegations contained in paragraph 18 of the Counterclaim.

19. Paragraph 19 does not require a response as it purports to quote applicable law. To the extent paragraph 19 contains factual allegations, they are denied.

20. Paragraph 20 does not require a response as it purports to quote applicable law. To the extent paragraph 20 contains factual allegations, they are denied.

21. Erie denies the allegations in paragraph 21 of the Counterclaim.

22. Paragraph 22 does not require a response as it purports to quote applicable law. To the extent paragraph 22 contains factual allegations, they are denied.

23. Paragraph 23 does not require a response as it purports to quote applicable law. To the extent paragraph 23 contains factual allegations, they are denied.

24. Erie denies the allegations in paragraph 24 of the Counterclaim.

25. Erie denies the allegations in paragraph 25 of the Counterclaim.

26. Erie denies the allegations in paragraph 26 of the Counterclaim.

27. Erie denies the allegations in paragraph 27 of the Counterclaim and further states that the Erie Policy speaks for itself.

28. Erie admits the allegations contained in paragraph 28 of the Counterclaim.

29. Erie admits that the Dodge Caliber is not owned by Pison Management and further states that the Erie Policy speaks for itself and denies the remaining allegations in paragraph 29 of the Counterclaim.

30. Erie admits the allegations contained in paragraph 30 of the Counterclaim.

31. Erie admits the allegations contained in paragraph 31 of the Counterclaim.

32. Erie admits the allegations contained in paragraph 32 of the Counterclaim.

33. Erie admits it made an offer of underinsured motorist coverage as specified in Exhibit A and denies the remaining allegations contained in paragraph 33 of the Counterclaim.

34. Erie denies the allegations contained in paragraph 34 of the Counterclaim.

35. Paragraph 35 does not require a response as it purports to quote applicable law. To the extent paragraph 35 contains factual allegations, they are denied.

36. Erie denies the allegations contained in paragraph 36 of the Counterclaim.

37. Paragraph 37 does not require a response as it purports to quote applicable law. To the extent paragraph 37 contains factual allegations, they are denied.

38. Erie denies the allegations contained in paragraph 38 of the Counterclaim.

39. Erie admits that Pison Management did not reject underinsured motorist coverage and denies the remaining allegations contained in paragraph 39 of the Counterclaim.

40. Paragraph 40 does not require a response as it purports to quote applicable law. To the extent paragraph 40 contains factual allegations, they are denied.

41. Paragraph 41 does not require a response as it purports to quote applicable law. To the extent paragraph 41 contains factual allegations, they are denied.

42. Erie denies the allegations contained in paragraph 42 of the Counterclaim.

43. Erie admits Pison Management did not reject underinsured motorist coverage and denies the remaining allegations contained in paragraph 43 of the Counterclaim.

44. Erie denies the allegations contained in paragraph 43 of the Counterclaim.

45. Erie denies the allegations contained in the WHEREFORE clause of the Counterclaim.

### First Defense

There is no underinsured motorist coverage under the applicable Erie policy for Mr. Cooper's claims for the reason set forth in the Petition for Declaratory Judgment and for other reasons that may appear from the applicable policy.

### Second Defense

Mr. Cooper is not an insured or in a class of others we protect under the applicable Erie policy and therefore Erie appropriately denied coverage as to his underinsured motorist claim.

### Third Defense

Erie at all times fulfilled its contractual and legal obligations to its named insured, Pison Management LLC.

### Fourth Defense

Erie reserves the right to assert any and all policy defenses and provisions provided for in the contract of insurance.

WHEREFORE Erie Insurance Property & Casualty Company demands that the Counterclaims be dismissed and that it recover its costs attendant to the defense of such claims.

ERIE INSURANCE PROPERTY
& CASUALTY COMPANY

By Counsel

  /s/ Matthew J. Perry
Matthew J. Perry, Esquire, WVSB #8589
James D. Lamp, Esquire, WVSB #2133
Lamp Bartram Levy Trautwein & Perry, PLLC
720 Fourth Avenue
P. O. Box 2488
Huntington, WV  25725-2488
(304) 523-5400
*Counsel for Erie Insurance Property & Casualty Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY,**

      **Petitioner,**

**v**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.:  2:20-cv-00321**

**JAMES SKYLAR COOPER,**

      **Respondent.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the **ANSWERS TO COUNTERCLAIMS** was this the 27th day of July, 2020 served upon respondent's counsel by E-filing and mailing the same, postage pre-paid in the United States mail as follows:

R. Chad Duffield, Esquire
Farmer, Cline, & Campbell PLLC
P. O. Box 3842
Charleston, WV  25338

                                  /s/ Matthew J. Perry
                        Matthew J. Perry, Esquire, WVSB #8589