**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,**

      **Petitioner,**

**v**                                                  **CIVIL ACTION NO.:  2:20-cv-00321**

**JAMES SKYLAR COOPER,**

      **Respondent.**

**ANSWER TO AMENDED COUNTERCLAIMS**

Now comes the Petitioner, Erie Insurance Property & Casualty Company, by counsel, Lamp Bartram Levy Trautwein & Perry, PLLC and for answer to the Amended Counterclaims of the Respondent and Counterclaimant James Skylar Cooper states as follows:

**Answer to Counterclaim for Underinsured Motorist Benefits Under
Erie Property & Casualty Company Policy**

1. Paragraph 1 of the Amended Counterclaim contains no factual allegations for which a response is required. Erie further incorporates herein its allegations set forth in its previously filed Petition for Declaratory Judgment.

2. Upon information and belief, Erie admits the allegations contained in Paragraph 2 of the Amended Counterclaim.

3. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 3 of the Amended Counterclaim and therefore denies the same.

4. Erie admits that Cooper and Huffman were traveling to a jobsite at the time of the accident, and is without knowledge as to the remaining allegations in Paragraph 4 of the Amended Counterclaim.

5. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Counterclaim and therefore denies the same.

6. Erie admits that Respondent was a passenger in a Dodge Caliber owned by Huffman and was traveling to a jobsite at the time of the accident. Erie denies any remaining allegations contained in Paragraph 6 of the Amended Counterclaim.

7. Erie admits that the Dodge Caliber was traveling behind the Chevrolet Silverado. Erie denies the remaining allegations contained in Paragraph 7 of the Amended Counterclaim.

8. Upon information and belief, Erie admits the allegations contained in Paragraph 8 of the Amended Counterclaim.

9. Upon information and belief, Erie admits the allegations contained in Paragraph 9 of the Amended Counterclaim.

10. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 10 of the Amended Counterclaim and therefore denies the same.

11. Upon information and belief, Erie admits the allegations contained in Paragraph 11 of the Amended Counterclaim.

12. Erie admits the allegations that State Farm offered to pay its $25,000.00 policy limit to Mr. Cooper in exchange for release of any further liability. Erie is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Counterclaim and therefore denies the same.

13. Erie admits that the Erie Policy issued to Pison Management, LLC provides underinsured motorist coverage in accordance with its terms and conditions. Erie denies any remaining allegations contained in Paragraph 13 of the Amended Counterclaim.

14. Erie admits the allegations contained in Paragraph 14 of the Amended Counterclaim.

15. Erie admits that Mr. Cooper settled the liability portion of his claim with State Farm, admits that Mr. Cooper sought payment on an underinsured motorist claim with Erie, and denies the remaining allegations contained in Paragraph 15 of the Amended Counterclaim.

16. Erie denies the allegations contained in the WHEREFORE clause of the Counterclaim.

## Answer to Counterclaim for Declaratory Relief Against Erie Insurance Property & Casualty Company

1. Erie incorporates herein its responses to the allegations contained in Amended Counterclaim as if fully set forth herein.

2. Erie is without knowledge or information sufficient to form a belief as to Mr. Cooper's assumptions. Erie admits that a complete copy of the policy and endorsements issued to Pison Management, LLC is attached to its Petition for Declaratory Judgment. Erie denies any remaining allegations contained in Paragraph 2 of the Amended Counterclaim.

3. Upon information and belief, Erie admits the allegations contained in Paragraph 3 of the Amended Counterclaim.

4. Upon information and belief, Erie admits the allegations contained in Paragraph 4 of the Amended Counterclaim.

5. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Counterclaim and therefore denies the same.

6. Upon information and belief, Erie admits that the Chevrolet Silverado contained tools and was traveling in front of the Dodge Caliber operated by Huffman. Erie denies the remaining allegations contained in Paragraph 6 of the Amended Counterclaim.

7. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Counterclaim and therefore denies the same.

8. Erie admits the allegations contained in paragraph 8 of the Counterclaim.

9. There is no Paragraph 9 in the Amended Counterclaim.

10. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Counterclaim and therefore denies the same.

11. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Counterclaim and therefore denies the same.

12. Upon information and belief, Erie admits the allegations contained in Paragraph 12 of the Amended Counterclaim.

13. Upon information and belief, Erie admits the allegations contained in Paragraph 13 of the Amended Counterclaim.

14. Erie admits that the Erie Policy provides underinsured motorists coverage in accordance with its terms and conditions.  Erie denies the remaining allegations contained in Paragraph 14 of the Amended Counterclaim.

15. Erie admits that the Chevrolet Silverado is a listed auto on the Declarations of the Erie Policy.  Erie denies the remaining allegations contained in Paragraph 15 of the Amended Counterclaim.

16. Erie admits that the Erie Policy provides underinsured motorists coverage in accordance with its terms and conditions.  Erie denies the remaining allegations contained in Paragraph 16 of the Amended Counterclaim.

17. Erie states that the Erie Policy speaks for itself.  Erie denies the remaining allegations contained in Paragraph 17 of the Amended Counterclaim.

18. Erie states that the Erie Policy speaks for itself.  Erie denies the remaining allegations contained in Paragraph 18 of the Amended Counterclaim.

19. Erie denies Paragraph 19 of the Amended Counterclaim on the basis that it asserts legal conclusions.

20. Erie denies Paragraph 20 of the Amended Counterclaim on the basis that it asserts legal conclusions.

21. Erie denies Paragraph 21 of the Amended Counterclaim on the basis that it asserts legal conclusions.  Erie denies any remaining allegations contained in Paragraph 21 of the Amended Counterclaim.

22. Erie denies Paragraph 22 of the Amended Counterclaim on the basis that it asserts legal conclusions.

23. Erie denies Paragraph 23 of the Amended Counterclaim on the basis that it asserts legal conclusions.

24. Erie denies the allegations in Paragraph 24 of the Amended Counterclaim.

25. Erie denies the allegations in Paragraph 25 of the Amended Counterclaim.

26. Erie denies the allegations in Paragraph 26 of the Amended Counterclaim.

27. Erie states that the Erie Policy speaks for itself. Erie denies the remaining allegations contained in Paragraph 27 of the Amended Counterclaim.

28. Erie admits the allegations contained in Paragraph 28 of the Amended Counterclaim.

29. Erie admits that the Dodge Caliber is not owned by Pison Management and further states that the Erie Policy speaks for itself. Erie denies the remaining allegations in Paragraph 29 of the Amended Counterclaim.

30. Paragraph 30 of the Amended Counterclaim asserts legal conclusions and is therefore denied.

31. Paragraph 31 of the Amended Counterclaim asserts legal conclusions and is therefore denied.

32. Erie admits the allegations contained in Paragraph 32 of the Amended Counterclaim.

33. Erie admits it made an offer of underinsured motorist coverage which included the coverage offer form attached as Exhibit A. Erie denies the remaining allegations contained in Paragraph 33 of the Amended Counterclaim.

34. Erie denies the allegations contained in Paragraph 34 of the Amended Counterclaim.

35. Erie denies the allegations contained in Paragraph 35 of the Amended Counterclaim.

36. Erie denies the allegations contained in Paragraph 36 of the Amended Counterclaim.

37. Erie denies the allegations contained in Paragraph 37 of the Amended Counterclaim.

38. Erie denies the allegations contained in Paragraph 38 of the Amended Counterclaim.

39. Erie admits that Pison Management did not reject underinsured motorist coverage. Erie denies the remaining allegations contained in Paragraph 39 of the Amended Counterclaim.

40. Erie denies Paragraph 40 of the Amended Counterclaim on the basis that it asserts legal conclusions.

41. Erie denies Paragraph 41 of the Amended Counterclaim on the basis that it asserts legal conclusions.

42. Erie denies the allegations contained in Paragraph 42 of the Amended Counterclaim.

43. Erie denies the allegations contained in Paragraph 43 of the Amended Counterclaim.

44. Erie denies the allegations contained in Paragraph 44 of the Amended Counterclaim.

45. Erie denies the allegations contained in the WHEREFORE clause of the Amended Counterclaim.

## Answer to Counterclaim for Attorney Fees Against
## Erie Insurance Property & Casualty Company

1. Erie incorporates herein its responses to the allegations contained in the Amended Counterclaim as if fully set forth herein.

2. Erie states that the Court's *Memorandum Opinion and Order* (Doc. No. 23) speaks for itself.

3. Erie denies the allegations asserted in Paragraph 3 of the Amended Counterclaim.

4. Paragraph 4 of the Amended Counterclaim is denied on the basis that it asserts legal conclusions.

5. Erie is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 5 of the Amended Counterclaim and therefore denies the same.

6. Erie denies the allegations asserted in Paragraph 6 of the Amended Counterclaim.

7. Erie denies the allegations contained in the WHEREFORE clause of the Amended Counterclaim.

8. Erie denies any and all allegations in the Amended Counterclaim not expressly admitted herein.

### First Defense

There is no underinsured motorist coverage under the applicable Erie policy for Mr. Cooper's claims for the reason set forth in the Petition for Declaratory Judgment and for other reasons that may appear from the applicable policy.

### Second Defense

Mr. Cooper is not an insured or in a class of others we protect under the applicable Erie policy and therefore Erie appropriately denied coverage as to his underinsured motorist claim.

### Third Defense

Erie at all times fulfilled its contractual and legal obligations to its named insured, Pison Management LLC.

### Fourth Defense

Erie reserves the right to assert any and all policy defenses and provisions provided for in the contract of insurance.

### Fifth Defense

Erie denies that Mr. Cooper is entitled to attorney fees or costs in this matter, whether pursuant to *Hayseeds Inc. v. State farm Fire & Cas.*, 352 S.E.2d, (W.Va. 1986), or otherwise.

WHEREFORE Erie Insurance Property & Casualty Company demands that the Amended Counterclaims be dismissed and that it recover its costs attendant to the defense of such claims.

                                                      ERIE INSURANCE PROPERTY
                                                      & CASUALTY COMPANY

                                                      By Counsel

     /s/ Matthew J. Perry
Matthew J. Perry, Esquire, WVSB #8589
James D. Lamp, Esquire, WVSB #2133
Lamp Bartram Levy Trautwein & Perry, PLLC
720 Fourth Avenue
P. O. Box 2488
Huntington, WV  25725-2488
(304) 523-5400
*Counsel for Erie Insurance Property & Casualty Company*

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY,**

      Petitioner,

v.                                            **CIVIL ACTION NO.: 2:20-cv-00321**

**JAMES SKYLAR COOPER,**

      Respondent.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the **ANSWERS TO AMENDED COUNTERCLAIMS** was this the **20th day of May, 2021** served upon respondent's counsel by E-filing and mailing the same, postage pre-paid in the United States mail as follows:

> R. Chad Duffield, Esquire
> Farmer, Cline, & Campbell PLLC
> P. O. Box 3842
> Charleston, WV 25338

                                            /s/ Matthew J. Perry
                                        Matthew J. Perry, Esquire, WVSB #8589